**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

SHELIA SHAW,

            Plaintiff,

v.                                                                    Case No. 8:08-CV-27-T-24-EAJ

PIZZA HUT OF AMERICA, INC.,

            Defendant.

_____/

## ORDER

      This cause comes before the Court on Defendant Pizza Hut of America, Inc.'s Motion for Summary Judgment (Doc. No. 41) as to Plaintiff Shelia Shaw's claims for negligence, vicarious liability, and negligent hiring. Shaw argues that genuine issues of material fact remain as to whether Pizza Hut's employee negligently caused an automobile accident that resulted in her injuries, whether Pizza Hut is responsible for that negligence, and whether Pizza Hut itself was negligent in hiring that employee. (Doc. Nos. 42, 44.) Pizza Hut filed a reply. (Doc. No. 48.) For the reasons stated herein, Pizza Hut's motion is denied.

**I.**      **Background**

      Ryan Keith Jenkins began working for Pizza Hut as a pizza delivery driver in January of 2004. (Doc. No. 41, Ex. D). Jenkins had a Texas Driver's License when he was hired. (Doc. No. 41, Ex. E.) Pizza Hut has a hiring policy that disqualifies any applicant who has been cited for Driving While Intoxicated within three years of hiring. (Doc. No. 41, Ex. F.) Jenkins was arrested for Driving While Intoxicated in March of 2000, approximately four years before he

applied, (Doc. No. 41, Ex. E, p.4), and he was cited for speeding about 20 times before that.[1] (Doc. No. 44, Ex. C: Jenkins depo, p. 27).

On September 25, 2005, Plaintiff Sheila Shaw was the passenger in a vehicle heading westbound on Bee Ridge Road in Sarasota, Florida. (Doc. No. 41, Ex. A, p.2.) Shaw's vehicle was driven by her daughter, who is not a party to this case. Jenkins was driving in the opposite direction on the same road after delivering his last pizza of the night. (Doc. No. 44, Ex. C: Jenkins' depo, p.41.) The posted speed limit was 45 miles per hour. (Doc. No. 41, Ex. A, p.1.) At an intersection, Shaw's daughter attempted to take a left turn onto another street. (Doc. No. 41, Ex. A, p.2.) When the vehicle attempted to cross Bee Ridge Road's eastbound traffic, the front of Jenkins's car collided with the passenger side of the Shaw vehicle. (Doc. No. 41, Ex. A, p.2.) The accident occurred at approximately 9:02 p.m. (Doc. No. 41, Ex. A, p.1.) As a result of the accident, Shaw suffered head injuries and a coma. (Doc. No. 41, Ex. A, p.2, 4.)

In the accident report, Officer William Johnson stated that the driver of Shaw's vehicle was the "sole contributor" to the crash because Jenkins was driving within the speed limit and "should have been able to continue his travel unobstructed." (Doc. No. 42, Ex. A, p.4.) However, Officer Johnson later testified in his deposition that Jenkins was traveling approximately 48.35 miles per hour. (Doc. No. 44, Ex. A: Johnson depo., p.42.) Officer Johnson explained that the discrepancy existed because, while his initial determination was

---

[1]Pizza Hut urges the Court to disregard Jenkins's own testimony that he was cited for speeding 20 times, and instead, to look only at a copy of Jenkins's Texas driving record, which does not list any speeding violations. However, at the summary judgment stage, "[i]t is not the role of the court to weigh the facts. Rather, the determination is whether there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Hilburn v. Murata Elecs. N. Am., Inc.*, 181 F.3d 1220, 1225 (11th Cir. 1999) (quotations and citations omitted).

based solely on his personal observations and conversations at the scene, (Doc. No. 44, Ex. A: Johnson depo, p. 39), he arrived at the latter conclusion through a calculation based on photographs of the skid marks at the crash site.[2] (Doc. No. 44, Ex. A: Johnson depo, p.42). Jenkins told investigating officers on the night of the accident that he was driving at around 50 miles per hour. (Doc. No. 44, Ex. B; Doc. No. 44, Ex. A: Johnson depo, p.43.)

In her amended complaint, Shaw alleges that Jenkins negligently operated his vehicle (Count I) and that Pizza Hut is vicariously liable for his negligence (Count II). She also claims that Pizza Hut negligently hired Jenkins (Count III). Pizza Hut has moved for summary judgment on all of these claims.

## II.    Standard of Review

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The Court must draw all inferences from the evidence in the light most favorable to the non-movant and resolve all reasonable doubts in that party's favor. *Porter v. Ray*, 461 F.3d 1315, 1320 (11th Cir. 2006). The moving party bears the initial burden of showing the Court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial. *Id.* When a moving party has discharged its burden, the non-moving party must then go beyond the pleadings, and by its own affidavits, or by depositions, answers to interrogatories, and admissions on file, designate specific facts showing there is a genuine issue for trial. *Id.* In

---

[2] Johnson explained that the computer software necessary in performing the calculations that produced his latter conclusion was not available when he wrote the accident report. (Doc. No. 44, Ex. A: Johnson depo, p.39-40.)

determining whether there is a "genuine" issue, the inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).

### III.    Negligence and Respondeat Superior

Employers like Pizza Hut are liable to third parties for injuries caused by the negligence of their employees when committed within the scope of employment. *Freeman v. Manpower, Inc.*, 453 So. 2d 208, 209 (Fla. 1st DCA 1984).  Necessarily, an employer cannot be held vicariously liable under this theory if its employee did not act negligently.  *Buettner v. Cellular One, Inc.*, 700 So. 2d 48, 48 (Fla. 1st DCA 1997).  Accordingly, Pizza Hut argues that it cannot be held vicariously liable because Jenkins did not cause the collision that led to Shaw's consequent injuries.

Negligence requires duty, breach, causation, and damages.  *Miller v. Foster*, 686 So. 2d 783, 783 (Fla. 4th DCA 1997).  Pizza Hut argues that the driver of Shaw's vehicle was the sole cause of the collision because she failed to yield to Jenkins's right of way when she attempted to take her left turn.  Pizza Hut contends that Shaw's driver violated Florida Statute § 316.122, which requires drivers intending to turn left at an intersection to yield to any vehicle coming from the opposite direction, and that this violation is evidence of her negligence.

In response, Shaw contends that, regardless of whether her driver violated Jenkins's right-of-way, Jenkins was negligent in driving over the speed limit and failing to avoid the accident.  Shaw argues that, even though violating a right-of-way statute can be proof that the violator was *a* cause of the accident, *Fla. Power & Light Co. v. Periera*, 705 So. 2d 1359, 1362

4

(Fla. 1998) (ruling that a statutory violation can be prima facie proof of comparative negligence), under Florida law "the fact that the driver has the right-of-way does not immunize or absolve him of the responsibility to use reasonable care." *Cohen v. Dennis*, 209 So. 2d 465, 466 (Fla. 3d DCA 1968). Shaw notes that a driver with the right-of-way in an intersection accident still has a duty to take all reasonable precautions to avoid a collision, and argues that Jenkins failed to do so. *Id.; see also, U.S. Fire Ins. Co. v. Progressive Cas. Ins. Co.*, 362 So. 2d 414, 415 (Fla. 2d DCA 1978) (ruling that a driver with the right-of-way must exercise reasonable care when proceeding into intersection).

The Court concludes that Shaw has raised a genuine issue of material fact as to whether Jenkins was negligent in operating his vehicle, particularly whether he was driving over the speed limit and failed to avoid the accident. Although Officer Johnson initially stated in the accident report that Jenkins was traveling within the speed limit, he later calculated that Jenkins was driving at 48.35 miles per hour, which exceeded the posted 45 mile per hour speed limit. Moreover, Jenkins himself stated on the night of the accident that he was driving at 50 miles per hour. Therefore, there is a factual issue regarding whether Jenkins was speeding, which prevented him from being able to avoid a collision at the crossing. *See Periera*, 705 So. 2d at 1362 (noting that a jury must decide whether a party's alleged comparative negligence was a proximate cause of the accident). Additionally, Jenkins testified that when he saw the Shaw vehicle in the road in front of him, his only action was to "hover" his foot above the break. (Doc. No. 44, Ex. C: Jenkins depo, p.41). Again, this fact raises an issue for trial regarding whether Jenkins failed to use reasonable care to avoid colliding with the Shaw vehicle.

The Court declines to follow *Vukovich v. Leo*, 447 So. 2d 1012 (Fla. 3d DCA 1984), a case cited by Pizza Hut. There, a driver violated another vehicle's right-of-way and caused an accident at an intersection. *Id.* at 1013. The trial court granted summary judgment against the violating driver, and the appellate court affirmed, finding that she was the sole proximate cause of the collision. *Id.* Pizza Hut contends that, like the driver in *Vukovich*, Shaw's driver violated Jenkins's right-of-way and therefore must also be found to be the sole cause of the crash. However, *Vukovich* is distinguishable because it was not argued there that the non-violating driver acted negligently himself. Accordingly, the case does not control.

## IV.    Negligent Hiring

To establish liability based on negligent hiring, the plaintiff must first establish that the employee committed a wrongful act that caused the injury. *Anderson Trucking Serv., Inc. v. Gibson*, 884 So. 2d 1046, 1052 (Fla. 5th DCA 2004). The Court has already found there to be a factual issue as to whether Jenkins was negligent in operating his vehicle. Therefore, the Court's inquiry focuses on "whether the specific danger that ultimately manifested itself [here, an automobile accident resulting in injuries] could have been foreseen at the time of hiring." *Malicki v. Doe*, 814 So. 2d 347, 362 (Fla. 2002).

"Liability in [negligent hiring] cases focuses on the adequacy of the employer's pre-employment investigation into the employee's background." *Id.* at 362, n.15. To prove that the employer could have foreseen the specific danger that manifested itself, the plaintiff must show: "(1) the employer was required to make an appropriate investigation of the employee and failed to do so; (2) an appropriate investigation would have revealed the unsuitability of the employee for the particular duty to be performed . . . ; and (3) it was unreasonable for the employer to hire

the employee in light of the information he knew or should have known." *Id.*

Pizza Hut contends that it is entitled to summary judgment on Shaw's negligent hiring claim because it is not required by any Florida law to investigate a prospective delivery driver's qualifications for the job. Moreover, Pizza Hut contends that it complied with its own internal hiring policy that disqualifies any applicant who has been cited for Driving While Intoxicated within three years of hiring. Jenkins was cited for Driving While Intoxicated in March of 2000, more than three years before he was hired by Pizza Hut in January of 2004.

Although the Court could not locate any specific caselaw in Florida requiring pizza delivery employers to inquire into a prospective driver's qualifications to drive, such a duty is encompassed in an employer's duty to exercise reasonable care in hiring. *Malicki*, 814 So. 2d at 363 (noting that employers are liable for negligent hiring when they have reason to believe that hiring a particular person will create undue risk of harm to others). Specifically, employers must inquire into a prospective employee's relevant background when the job requires contact with the public, and the extent to which the employer must inquire depends upon the extent of such contact. *Jenkins v. Milliken*, 498 So. 2d 495, 496 (Fla. 2d DCA 1986) (explaining that an employer may rely on an employee's job application and need not independently investigate the employee's background when the job entails only incidental contact with public); *Abbott v. Payne*, 457 So. 2d 1156, 1156 (ruling that an employer must make a reasonable independent inquiry into an applicant's background when the employee will enter customer homes with a passkey); *Williams v. Feather Sound, Inc.*, 386 So. 2d 1238 (Fla. 2d DCA 1980) (ruling that a townhouse developer was not required to make an independent inquiry into an employee's past when it hired the employee to do outside work but was required to do so when it transferred him

to inside work).[3]  The job of pizza delivery driver involves frequent contact with the public on the roadways.  Indeed, pizza delivery drivers spend almost their entire shifts on public roads and highways delivering pizzas.  An employer like Pizza Hut therefore has a duty to use reasonable care in hiring a safe driver who would not create a danger to the public in carrying out the duties of the job.  Such a duty includes a reasonable inquiry into a prospective deliveryperson's driving fitness.

Having determined that Pizza Hut had a duty to inquire into an applicant's relevant driving background, it is up to the jury to decide what kind of investigation would have been reasonable under the circumstances and whether Pizza Hut conducted one.  *Harrison*, 583 So. 2d at 750; *Abbott*, 457 So. 2d at 1157.  Consequently, because Pizza Hut had a duty to make some inquiry into Jenkins's driving fitness, the jury must decide whether Pizza Hut knew or should have known of Jenkins's DWI and speeding violations and whether it was negligent to hire Jenkins in spite of those violations.

The Court rejects Pizza Hut's argument that it did not act negligently because it adhered to its own internal hiring policy when hiring Jenkins.  A party cannot create a legal standard of care with its own internal rule.  *Mayo v. Publix Super Markets, Inc.*, 686 So. 2d 801, 802 (Fla. 4th DCA 1997) (noting that a "party's internal rule does not itself fix the legal standard of care in

---

[3]*See also*, *Connes v. Molalla Transp. Sys., Inc.*, 831 P.2d 1316, 1323 (Colo. 1992) (noting that a trucking company had a duty to hire "a safe driver who would not create a danger to the public in carrying out the duties of the job"); *Guidry v. Nat'l Freight, Inc.*, 944 S.W.2d 807, 810 (Tex. App. 1997) (ruling that a trucking company has a "duty to take steps to prevent injury to the driving public by determining the competency of a job applicant to drive one of its trucks"); Restatement (Second) of Torts § 308 ("It is negligence to permit a third person to use a thing or to engage in an activity under the control of the actor, if the actor knows or should know that such person . . . is likely to use the thing or to conduct himself in the activity in such a manner as to create an unreasonable risk of harm to others.").

a negligence action").  Rather, the standard of care is that which a reasonable person would exercise under the specific circumstances.  *Nesbitt v. Cmty. Health of S. Dade, Inc.*, 467 So. 2d 711, 714 (Fla. 3d DCA 1985) (noting that a custom does not create the standard of care but may be considered as evidence of it).  In short, a jury must decide whether Pizza Hut's hiring policy is reasonable and thus whether its adherence to it was reasonable.

**V.      Conclusion**

It is **ORDERED AND ADJUDGED** that Pizza Hut's Motion for Summary Judgment (Doc. No. 41) is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, this 6th day of March, 2009.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record