UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**SHEILA SHAW**,

    Plaintiff,

v.                                                 Case No. 8:08-CV-27-T-24EAJ

**PIZZA HUT OF AMERICA, INC.**

    Defendant.
_____ /

## ORDER

Defendant's **Motion to Strike Expert Witnesses** (Dkt. 60) and Plaintiff's **Response** (Dkt. 62) are before the court. Defendant asks the court to strike Plaintiff's experts Gerri Pennachio ("Pennachio"), Brenda Mulder ("Mulder"), and Harvey Moore ("Moore") because Plaintiff's amended expert disclosures were untimely and incomplete. Plaintiff responds that the parties agreed to depose the experts after the discovery deadline and that submitting her amended disclosures late did not prejudice Defendant.

1.    Background

In September 2005, Plaintiff was injured when the car she was in collided with a car driven by Ryan Jenkins, a pizza delivery driver for Defendant (Dkt. 52 at 2). Plaintiff is now suing Defendant for automobile negligence and negligent hiring (see Dkt. 23). Trial is schedule for June 2009 (Dkt. 53).

On March 4, 2009, Plaintiff filed a motion to extend the expert disclosure deadline until March 31, 2009, for the limited purpose of retaining an expert economist and life care planner (Dkt.

49).¹  Emphasizing that the motion was unopposed, the court granted the limited extension and moved the case from the May trial docket to the June trial docket (Dkt. 53).  The court noted that "Plaintiff has not explained why she delayed in obtaining her experts." (Id. at 1).  The court warned that it would grant no further discovery extensions (Id.).

Defendant filed a motion for extension of time on March 27, 2008 (Dkt. 58) for the purpose of deposing Plaintiff's new experts and identifying rebuttal experts. The court denied this motion (Dkt. 59).

On April 1, 2009, one day after the deadline, Plaintiff submitted her amended expert witness disclosures, listing Pennachio as Plaintiff's expert life care planner, Mulder as Plaintiff's expert economist, and Moore as an expert trial consultant (Dkt. 60-1).  Plaintiff did not provide Defendant with expert reports as required by Fed. R. Civ. P. 26(a) (Dkt. 60 at 2).

Defendant now seeks to strike the three newly-identified experts on the grounds that Plaintiff had identified them after the deadline and did not provide their expert reports (Id.).

On April 13, 2009, Plaintiff forwarded a copy of Pennachio's report to Defendant.  Mulder's report followed on April 16, 2009 (Dkt. 62 at 3-4).²  Plaintiff does not describe the anticipated testimony of either her life planning expert or her economics expert other than to claim that they are necessary to "expound on the nature of Plaintiff's life limitations and the extent of her financial damages." (Dkt. 62 at 2).

---

¹ Plaintiff timely filed her initial expert disclosures, listing an accident reconstructionist and seven physicians (Dkt. 60-1).  Defendant does not seek to strike these experts.

² Plaintiff's disclosure of Moore as an expert trial consultant is outside the scope of the court's order which granted Plaintiff an extension for the limited purpose of retaining a life planner and an economist to serve as experts (see Dkt. 53).  For this reason alone, Defendant's motion to strike is granted as to Moore.

2. Discussion

Rule 26(a)(2)(B), Fed. R. Civ. P., requires that expert disclosures be accompanied by "a written report – prepared and signed by the witness – if the witness is one retained or specially employed to provide expert testimony in the case . . ." Fed. R. Civ. P. 26(a)(2)(B). The report must contain "a complete statement of all opinions the witness will express and the basis and reasons for them," among other information. Fed. R. Civ. P. 26 (a)(2)(B)(i).

When a party fails to comply with these requirements, exclusion of an expert may result:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless.

Fed. R. Civ. P. 37(c)(1). Rule 37(a)(4), Fed. R. Civ. P., further provides that "an evasive or incomplete disclosure . . . must be treated as a failure to disclose." Fed. R. Civ. P. 37(a)(4).

Defendant argues that Plaintiff's failure to timely file her amended disclosures and expert reports was not substantially justified because if Plaintiff knew the identity of her experts on April 1, 2009, the day after the deadline, she must have known their identity within the deadline and withheld the information (Dkt. 60 at 3). Defendant further asserts that the untimely disclosures were not harmless. If Plaintiff had identified her experts sooner, Defendant claims, it would have started coordinating their depositions before the deadline (Id. at 4).

Plaintiff responds that she has been in communication with Defendant since the beginning of March about the timing of the reports (Dkt. 62 at 3). Plaintiff admits to retaining her experts before the deadline but contends that filing the amended disclosures one day late was harmless

because Defendant knew for a month that she intended to retain the experts (Id.).³ According to Plaintiff, her experts' reports were late due to the experts' schedules. (Id.). Defendant now has the reports, Plaintiff points out, and Plaintiff is willing to work with Defendant in scheduling the experts' depositions as well as the depositions of any rebuttal experts Defendant may wish to retain (Id. at 4).

On balance, Plaintiff's failure to comply with Fed. R. Civ. P. 26(a) by filing her amended disclosures one day late was harmless. Producing untimely and incomplete expert disclosures was not a prudent course of action. However, Defendant agreed to depose Plaintiff's new experts after the March 31, 2009 deadline. In a March 26, 2009 e-mail exchange between the parties, Defendant's counsel wrote: "[C]an we simply have a gentleman's agreement that we can depose these folks after the deadline, and, if necessary, retain similar experts and allow you to depose?" (Dkt. 62-1 at 1). Plaintiff's counsel agreed (Id.). Once Defendant received Plaintiff's amended disclosures on April 1, 2009, it could have started coordinating the depositions. Moreover, Defendant is now in possession of the reports and does not contest their adequacy under Fed. R. Civ. P. 26.

The court does not condone Plaintiff's dilatory conduct. Plaintiff's experts' busy schedules are not Defendant's problem, but Plaintiff's. Plaintiff is obligated to ensure her experts' timely identification and submission of reports. Striking an expert is a drastic remedy, however. Under these circumstances, the facts do not justify the relief Defendant seeks especially as Defendant's correspondence with Plaintiff indicates that deposing the life care planner and economist experts and retaining rebuttal experts could be done prior to trial. Plaintiff must make these two witnesses

---

³ Defendant did not know the identity of the new experts, however, until April 1, 2009.

available on short notice to be deposed. Should Plaintiff fail in this undertaking, reconsideration of the motion may be appropriate.

Upon consideration, Defendant's **Motion to Strike Plaintiff's Expert Witnesses** (Dkt. 60) is **GRANTED in part** and **DENIED in part** as follows:

(1) Defendant's motion is granted as to Plaintiff's expert trial consultant, Harvey Moore;

(2) Defendant's motion is denied as to Plaintiff's expert life care planner, Gerri Pennachio, and expert economist, Brenda Mulder. Defendant shall have until May 14, 2009, to conduct the depositions of Pennachio and Mulder. By May 21, 2009, Defendant must designate any rebuttal experts. Plaintiff shall have until May 28, 2009, to depose Defendant's rebuttal experts; and

(3) No further extensions will be granted. No other deadlines are affected by this order. The case remains on the June trial docket.

**DONE** and **ORDERED** in Tampa, Florida on this 4th day of May, 2009.

ELIZABETH A JENKINS
United States Magistrate Judge