UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SHELIA SHAW,

   Plaintiff,

v.                Case No. 8:08-CV-27-T-24-EAJ

PIZZA HUT OF AMERICA, INC.,

   Defendant.
_____/

**ORDER**

   This cause comes before the Court on Defendant Pizza Hut of America, Inc.'s Motion for Judgment on the Pleadings (Doc. No. 75) as to Plaintiff Shelia Shaw's claim for negligent hiring. Also before the Court is Plaintiff's Motion to Voluntarily Dismiss Count III of Plaintiff's Amended Complaint Without Prejudice (Doc. No. 108). Count III is Plaintiff's claim for negligent hiring.

   This case is set for trial to begin June 8, 2009, on Plaintiff's claims for negligence and negligent hiring. On May 19, 2009, Defendant filed its motion for judgment on the pleadings, arguing that Plaintiff's negligent hiring claim should be dismissed because it is duplicative of her negligence claim and cannot be asserted based on *Clooney v. Geeting*, 352 So. 2d 1216 (Fla. 2d DCA 1977). This motion was filed well beyond the dispositive motion deadline, which had already been extended five times in this case. Plaintiff, however, did not respond to the motion. Rather, on May 29, 2009, Plaintiff filed a motion to voluntarily dismiss the claim without

prejudice, which Defendant opposes.[1]  Accordingly, the issue before the Court is whether the dismissal of Plaintiff's negligent hiring claim shall be with prejudice or without prejudice.

The Court agrees with Defendant that the negligent hiring claim here is duplicative of the negligence claim and must be dismissed with prejudice.  In *Clooney*, the plaintiff was injured in a collision with a truck driven by one defendant, and that defendant was driving in the course of his employment for another defendant.  *Id.* at 1218.  The plaintiff sued the driver and the employer, along with other defendants.  *Id.*  The trial court struck the plaintiff's request for punitive damages and claims of negligent hiring, employment, and entrustment that were asserted against the employer, and the plaintiff appealed.  *Id.* at 1219-20.  In finding that the trial court did not err in striking the plaintiff's claims of negligent hiring, employment, and entrustment, the appellate court stated:

> Where these theories impose no additional liability in a motor vehicle accident case, a trial court should not allow them to be presented to the jury.  The reason for this is a very practical one: Under these theories the past driving record of the driver will of necessity be before the jury, so the culpability of the entrusting party can be determined. . . . [However,] evidence of a defendant's past driving record should not be made a part of the jury's considerations. . . .
>
> Since the stricken counts impose no additional liability but merely allege a concurrent theory of recovery, the desirability of allowing these theories is outweighed by the prejudice to the defendants. . . . We recognize that factual situations could arise where one of the referred-to theories would impose additional liability.  If the allegations in this case had been sufficient to allow the claim for punitive damages to go before the jury, this would be such a case.

*Id.* at 1220 (internal quotations and citations omitted).

Here, Plaintiff's negligent hiring claim imposes no additional liability on Defendant, but

---

[1] Plaintiff also filed a stipulation to dismiss the negligent hiring claim without prejudice.  (Doc. No. 106.)  The stipulation was not signed by defense counsel.

rather is concurrent with her negligence claim. Moreover, there is no punitive damages claim in this case, as the Court denied Plaintiff's motion to amend her case to add such a claim. Accordingly, it is **ORDERED and ADJUDGED** that Defendant's Motion for Judgment on the Pleadings (Doc. No. 75) is **GRANTED**. Plaintiff's Motion to Voluntarily Dismiss Count III of her Amended Complaint is **GRANTED IN PART AND DENIED IN PART**. Count III is dismissed with prejudice.

**DONE AND ORDERED** at Tampa, Florida, this 1st day of June, 2009.

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record